**PRAYER FOR RELIEF UNDER THE IOWA FALSE CLAIMS ACT**

207.    WHEREFORE, Relator respectfully requests this Court to award the following damages to the following parties and against Defendants:

To the STATE OF IOWA:

- Three times the amount of actual damages which the State of Iowa has sustained as a result of Defendants' fraudulent and illegal conduct;

- A civil penalty of not less than $5,000 and not more than $10,000 for each false claim which Defendants presented or caused to be presented to the State of Iowa;

- Prejudgment interest; and

- All costs incurred in bringing this action.

To RELATOR:

- The maximum amount allowed pursuant to Iowa Code Ann. § 685.3(4.) and/or any other applicable provision of law;

- Reimbursement for reasonable expenses which Relator incurred in connection with this action;

- Litigation costs and reasonable attorney's fees;

- Such further relief as this Court deems equitable and just.

<u>**COUNT ELEVEN:**</u>
**VIOLATION OF THE MASSACHUSETTS FALSE CLAIMS ACT**

208.    Relator re-alleges and incorporates the allegations in paragraphs 1-107 as if fully set forth herein.  Additionally, Relator states that the course of conduct described in this Complaint was a nationwide, continuous practice of Defendants.  Defendants conduct business in the Commonwealth of Massachusetts.  Upon information and belief, Defendants' actions described herein occurred in Massachusetts as well.

209.    This is a qui tam action brought by Relator and the Commonwealth of

Massachusetts to recover treble damages and civil penalties under the Massachusetts False

Claims Act, Mass. Gen. Laws ch. 12, §§ 5A, *et seq.*

210.    The Massachusetts False Claims Act ("MFCA") provides that a person is liable to

the Commonwealth of Massachusetts for treble damages and other penalties when that person:

(1) knowingly presents, or causes to be presented, a false or fraudulent claim for

payment or approval;

(2) knowingly makes, uses, or causes to be made or used, a false record or statement to

obtain payment or approval of a claim by the commonwealth or any political subdivision

thereof;

Mass. Gen. Laws ch. 12, § 5B.

211.    The MFCA defines "claim" as:

any request or demand, whether pursuant to a contract or otherwise, for money or

property which is made to an officer, employee, agent or other representative of

the commonwealth, political subdivision thereof or to a contractor, subcontractor,

grantee, or other person if the commonwealth or any political subdivision thereof

provides any portion of the money or property which is requested or demanded, or

if the commonwealth or any political subdivision thereof will reimburse directly

or indirectly such contractor, subcontractor, grantee, or other person for any

portion of the money or property which is requested or demanded.

Mass. Gen. Laws ch. 12, § 5A.

212.    The MFCA defines "knowingly" as a person "possessing actual knowledge of relevant information, acting with deliberate ignorance of the truth or falsity of the information or acting in reckless disregard of the truth or falsity of the information and no proof of specific intent to defraud is required."  Mass. Gen. Laws ch. 12, § 5A.

213.    Pursuant to Title II, Chapter 15A of the Massachusetts General Laws, the Commonwealth of Massachusetts is authorized to provide various forms of financial aid to Massachusetts students who are seeking a postsecondary education.   These programs are administered by the Massachusetts Department of Higher Education and the Office of Student Financial Assistance.

214.    These agencies set forth the rules and regulations for participation in these programs. For example, under the Foster Child Grant Program, an eligible institution is any public, private, independent, for profit, nonprofit institution in the Massachusetts and the continental United States.   Furthermore, an eligible institution must also be eligible to participate in Federal Title IV programs.  As such, schools receiving Masssachusetts-funded aid must abide by the rules and regulations under Title IV, including the bans on incentive based compensation and misrepresentation.

215.    Through the conduct described in this Complaint, Defendants knowingly presented and caused to be presented to the Commonwealth of Massachusetts false and fraudulent claims for payment and approval.  Defendants also knowingly made, used, and caused to be made and used false records and statements that were material to false or fraudulent claims made to the Commonwealth.

216.    The Commonwealth of Massachusetts, unaware of the fraudulent foundation of Defendants' claims, paid money in the form of state-funded financial aid to Defendants that

otherwise would not have been paid.  As a result of these payments, the Commonwealth of Massachusetts has suffered, and continues to suffer, damages in an amount to be determined.

217.    Relator is a private person with direct and independent knowledge of the allegations in this Compliant, who has brought this action pursuant to Mass. Gen. Laws ch. 12, § 5C(2) on behalf of herself and the Commonwealth of Massachusetts.

218.    This Court is requested to accept supplemental jurisdiction of this related state claim as it is predicated upon that exact same facts as the federal claim, and merely asserts separate damage to the Commonwealth of Massachusetts in the operation of its financial aid programs.

**PRAYER FOR RELIEF UNDER THE MASSACHUSETTS FALSE CLAIMS ACT**

219.    WHERFORE, Relator respectfully requests this Court to award the following damages to the following parties and against Defendants:

To the COMMONWEALTH OF MASSACHUSETTS:

- Three times the amount of actual damages which the Commonwealth of Massachusetts has sustained as a result of Defendants' fraudulent and illegal conduct;

- A civil penalty of not less than $5,000 and not more than $10,000 for each false claim which Defendants presented or caused to be presented to the Commonwealth of Massachusetts;

- Prejudgment interest; and

- All costs incurred in bringing this action.

To RELATOR:

- The maximum amount allowed pursuant to Mass. Gen. Laws ch. 12, § 5F and/or any other applicable provision of law;

- Reimbursement for reasonable expenses which Relator incurred in connection with this action;

- Litigation costs and reasonable attorney's fees;

• Such further relief as this Court deems equitable and just.

## COUNT TWELVE:
## VIOLATION OF THE MINNESOTA FALSE CLAIMS ACT

220.    Relator re-alleges and incorporates the allegations in paragraphs 1-107 as if fully set forth herein.  Additionally, Relator states that the course of conduct described in this Complaint was a nationwide, continuous practice of Defendants.  Defendants conduct business in the State of Minnesota.  Upon information and belief, Defendants' actions described herein occurred in Minnesota as well.

221.    This is a qui tam action brought by Relator and the State of Minnesota to recover treble damages and civil penalties under the Minnesota False Claims Act, Minn. Stat. Ann. § 15C.01 *et seq.*

222.    The Minnesota False Claims Act ("MFCA") provides that a person is liable to the State of Minnesota for treble damages and other penalties when that person:

> (1) knowingly presents, or causes to be presented, to an officer or employee of the state or a political subdivision a false or fraudulent claim for payment or approval;
>
> (2) knowingly makes or uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the state or a political subdivision;

Minn. Stat. Ann. § 15C.02(a)(1),(2).

223.    The MFCA defines "claim" as:

a request or demand, whether under a contract or otherwise, for money or

property that is made by a contractor, grantee, or other recipient to the state or a

political subdivision if the state or the political subdivision has provided or will

provide a portion of the money or property that is requested or demanded, or if the

state or the political subdivision has reimbursed or will reimburse the contractor,

grantee, or other recipient for a portion of the money or property that is requested

or demanded.

Minn. Stat. Ann. § 15C.01.

224.    The MFCA defines "knowingly" as a person, with respect to information:

(1) has actual knowledge of the information;

(2) acts in deliberate ignorance of the truth or falsity of the information; or

(3) acts in reckless disregard of the truth or falsity of the information.

No proof of specific intent to defraud is required[.]

Minn. Stat. Ann. § 15C.01.

225.    Pursuant to Chapter 136A of the Minnesota Statutes, the State of Minnesota is

authorized to provide various forms of financial aid to Minnesota students who are seeking a

postsecondary education.   These programs are administered by the Minnesota Office of Higher

Education ("OHE").

226.    A private institution is eligible to participate in Minnesota's programs if it, among

other things, participates in the federal Pell Grant program under Title IV of the HEA or require

each student to sign a student disclosure statement.  Minn. Stat. Ann. § 136A.103(b).

Accordingly, for those schools that offer federal Pell Grants, they must comply with the

regulations under Title IV, including the bans on incentive based compensation and misrepresentation.  Furthermore, participating schools must enter into an Institutional Participation Agreement (IPA) with the Minnesota Office of Higher Education before obtaining eligibility for state funding.  The IPA expressly states that participating schools will agree to administer the Programs in accordance with all Federal and Minnesota State statutes and rules contained in OHE's Financial Aid manual.  Also under the IPA, participating schools must state they are an eligible school in accordance with Minnesota statute.

227.    Through the conduct described in this Complaint, Defendants knowingly presented and caused to be presented to the State of Minnesota false and fraudulent claims for payment and approval.  Defendants also knowingly made, used, and caused to be made and used false records and statements that were material to false or fraudulent claims made to the State.

228.    The State of Minnesota, unaware of the fraudulent foundation of Defendants' claims, paid money in the form of state-funded financial aid to Defendants that otherwise would not have been paid.  As a result of these payments, the State of Minnesota has suffered, and continues to suffer, damages in an amount to be determined.

229.    Relator is a private person with direct and independent knowledge of the allegations in this Compliant, who has brought this action pursuant to Minn. Stat. Ann. § 15C.05(a) on behalf of herself and the State of Minnesota.

230.    This Court is requested to accept supplemental jurisdiction of this related state claim as it is predicated upon that exact same facts as the federal claim, and merely asserts separate damage to the State of Minnesota in the operation of its financial aid programs.

### PRAYER FOR RELIEF UNDER THE MINNESOTA FALSE CLAIMS ACT

231.    WHERFORE, Relator respectfully requests this Court to award the following damages to the following parties and against Defendants:

To the STATE OF MINNESOTA:

- Three times the amount of actual damages which the State of Minnesota has sustained as a result of Defendants' fraudulent and illegal conduct;

- A civil penalty of up to $11,000 for each false claim which Defendants presented or caused to be presented to the State of Minnesota;

- Prejudgment interest; and

- All costs incurred in bringing this action.

To RELATOR:
- The maximum amount allowed pursuant to Minn. Stat. Ann. § 15C.13 and/or any other applicable provision of law;

- Reimbursement for reasonable expenses which Relator incurred in connection with this action;

- Litigation costs and reasonable attorney's fees;

- Such further relief as this Court deems equitable and just.

## COUNT THIRTEEN:
## VIOLATION OF THE MONTANA FALSE CLAIMS ACT

232.     Relator re-alleges and incorporates the allegations in paragraphs 1-107 as if fully set forth herein.  Additionally, Relator states that the course of conduct described in this Complaint was a nationwide, continuous practice of Defendants.  Defendants conduct business in the State of Montana.  Upon information and belief, Defendants' actions described herein occurred in Montana as well.

233.     This is a qui tam action brought by Relator and the State of Montana to recover treble damages and civil penalties under the Montana False Claims Act, Mont. Code Ann. §§ 17-8-401 *et seq.*

234.     The Montana False Claims Act ("MFCA") provides that a person is liable to the State of Montana for treble damages and other penalties when that person:

(a)  knowingly presents or causes to be presented to an officer or employee of the

governmental entity a false or fraudulent claim for payment or approval;

(b)  knowingly makes, uses, or causes to be made or used a false record or statement to

get a false or fraudulent claim paid or approved by the governmental entity;

Mont. Code Ann. § 17-8-403(1).

235.    The MFCA defines "claim" as:

any request or demand for money, property, or services made to an employee,

officer, or agent of a governmental entity or to a contractor, grantee, or other

recipient, whether under contract or not, if any portion of the money, property, or

services requested or demanded issued from or was provided by a governmental

entity.

Mont. Code Ann. § 17-8-402(1).


236.    The NJFCA defines "knowingly" as a person, with respect to information,

(i) has actual knowledge of the information;

(ii) acts in deliberate ignorance of the truth or falsity of the information; or

(iii) acts in reckless disregard of the truth or falsity of the information.

A specific intent to defraud is not required.

Mont. Code Ann. § 17-8-402(4).

237.    Pursuant to Title 20, Chapter 26 of the Montana Statutes, the State of Montana is

authorized to provide financial assistance to Montana students who are seeking a postsecondary

education.  These programs are administered by the Commissioner of Higher Education.

238.    The Commissioner sets for the rules and regulations that an institution must

follow in order to obtain eligibility for Montana's programs.  Under Montana's Guaranteed

Student Loan Program, for example, an institution is eligible to participate if it is "approved by the United States secretary of education as eligible to participate in the student loan program pursuant to Title IV of the Higher Education Act[.]" Mont. Code Ann. § 20-26-1101(5). Accordingly, in order to obtain eligibility for this loan program, a school must comply with the eligibility requirements of Title IV of the HEA, including its bans on incentive based compensation and misrepresentation.

239.    Through the conduct described in this Complaint, Defendants knowingly presented and caused to be presented to the State of Montana false and fraudulent claims for payment and approval.  Defendants also knowingly made, used, and caused to be made and used false records and statements in order to get false or fraudulent claims paid by the State.

240.    The State of Montana, unaware of the fraudulent foundation of Defendants' claims, paid money in the form of state-funded financial aid to Defendants that otherwise would not have been paid.  As a result of these payments, the State of Montana has suffered, and continues to suffer, damages in an amount to be determined.

241.    Relator is a private person with direct and independent knowledge of the allegations in this Compliant, who has brought this action pursuant to Mont. Code Ann. § 17-8-406(1) on behalf of herself and the State of Montana.

242.    This Court is requested to accept supplemental jurisdiction of this related state claim as it is predicated upon that exact same facts as the federal claim, and merely asserts separate damage to the State of Montana in the operation of its financial aid programs.

### PRAYER FOR RELIEF UNDER THE MONTANA FALSE CLAIMS ACT

243.    WHERFORE, Relator respectfully requests this Court to award the following damages to the following parties and against Defendants:

To the STATE OF MONTANA:

- Three times the amount of actual damages which the State of Montana has sustained as a result of Defendants' fraudulent and illegal conduct;

- A civil penalty of not less than $5,000 and up to $10,000 for each false claim which Defendants presented or caused to be presented to the State of Montana;

- Prejudgment interest; and

- All costs incurred in bringing this action.

To RELATOR:
- The maximum amount allowed pursuant to Mont. Code Ann. § 17-8-410 and/or any other applicable provision of law;

- Reimbursement for reasonable expenses which Relator incurred in connection with this action;

- Litigation costs and reasonable attorney's fees;

- Such further relief as this Court deems equitable and just.

## COUNT FOURTEEN:
## VIOLATION OF THE NEVADA FALSE CLAIMS ACT

244.     Relator re-alleges and incorporates the allegations in paragraphs 1-107 as if fully set forth herein.  Additionally, Relator states that the course of conduct described in this Complaint was a nationwide, continuous practice of Defendants.  DeVry conducts business in the State of Nevada.  As set forth above, Defendants' actions described herein occurred in Nevada as well.

245.     This is a qui tam action brought by Relator and the State of Nevada to recover treble damages and civil penalties under the Nevada False Claims Act, N.R.S. §§ 357.010 *et seq.*

246.     N.R.S. § 357.040(1) provides liability for any person who:

(a) Knowingly presents or causes to be presented a false claim for payment or approval;

(b) Knowingly makes or uses, or causes to be made or used, a false record or statement to obtain payment or approval of a false claim;

(c) Conspires to defraud by obtaining allowance or payment of a false claim;

* * *

(h) Is a beneficiary of an inadvertent submission of a false claim and, after discovering the falsity of the claim, fails to disclose the falsity to the state or political subdivision within a reasonable time.

247.    Defendant violated N.R.S. §§ 357.040(1) by continuously engaging in the fraudulent and illegal conduct described herein.

248.    Pursuant to state law, the State of DeVry is authorized to provide financial assistance to DeVry students who are seeking a postsecondary education.

249.    On information and belief, Indiana requires that financial aid be used at any eligible school that participates in Title IV federal aid programs.  As such, any school that receives Indiana funded student aid must be in compliance with the rules and regulations of Title IV of the HEA, including the bans on incentive based compensation and misrepresentation.

250.    Had the State of Nevada known that Defendants were violating the federal and state laws cited herein, the State of Nevada would not have paid such claims.

251.    As a result of Defendants' violations of N.R.S. § 357.040(1), the State of Nevada has been damaged in an amount far in excess or millions of dollars exclusive of interest.

252.    Relator is a private person with direct and independent knowledge of the allegations in this Complaint, who has brought this action pursuant to N.R.S. § 357.080(1) on behalf of herself and the State of Nevada.

253.    This Court is requested to accept supplemental jurisdiction of this related state claim as it is predicated upon the exact same facts as the federal claim, and merely asserts separate damage to the State of Nevada.

254.    WHEREFORE, Relator respectfully requests this Court to award the following damages to the following parties and against Defendants:

To the STATE OF NEVADA:

> Three times the amount of actual damages which the State of Nevada has sustained as a result of Defendants' fraudulent and illegal conduct;

> A civil penalty of not less than $2,000 and not more than $10,000 for each false claim which Defendants caused to be presented to the State of Nevada;

> Prejudgment interest; and

> All costs incurred in bringing this action.

To RELATOR:

> The maximum amount allowed pursuant to N.R.S § 357.210 and/or any other applicable provision of law;

> Reimbursement for reasonable expenses which Relator incurred in connection with this action;

> An award of reasonable attorneys' fees and costs; and

> Such further relief as this Court deems equitable and just.

## COUNT FIFTEEN:
## VIOLATION OF THE NEW JERSEY FALSE CLAIMS ACT

255.    Relator re-alleges and incorporates the allegations in paragraphs 1-107 as if fully set forth herein.  Additionally, Relator states that the course of conduct described in this Complaint was a nationwide, continuous practice of Defendants.  Defendants conduct business in the State of New Jersey.  Upon information and belief, Defendants' actions described herein occurred in New Jersey as well.

256.    This is a qui tam action brought by Relator and the State of New Jersey to recover treble damages and civil penalties under the New Jersey False Claims Act, N.J. Stat. Ann. § 2A:32C-1 *et seq.*

257.    The New Jersey False Claims Act ("NJFCA") provides that a person is liable to the State of New Jersey for treble damages and other penalties when that person:

a.  Knowingly presents or causes to be presented to an employee, officer or agent of the State, or to any contractor, grantee, or other recipient of State funds, a false or fraudulent claim for payment or approval;

b.  Knowingly makes, uses or causes to be made or used a false record or statement to get a false or fraudulent claim paid or approved by the State.

N.J. Stat. Ann. § 2A:32C-3.

258.    The NJFCA defines "claim" as:

a request or demand, under a contract or otherwise, for money, property, or services that is made to any employee, officer, or agent of the State, or to any contractor, grantee, or other recipient if the State provides any portion of the money, property, or services requested or demanded, or if the State will reimburse the contractor, grantee, or other recipient for any portion of the money, property, or services requested or demanded.

N.J. Stat. Ann. § 2A:32C-2.

259.    The NJFCA defines "knowingly" as a person, with respect to information,

(1) has actual knowledge of the information; or

(2) acts in deliberate ignorance of the truth or falsity of the information; or

(3) acts in reckless disregard of the truth or falsity of the information.

No proof of specific intent to defraud is required.

N.J. Stat. Ann. § 2A:32C-2.

260.     Pursuant to Title 18A, Chapter 71A of the New Jersey Statutes, the State of New Jersey is authorized to provide financial assistance to New Jersey students who are seeking a postsecondary education.  These programs are administered by the Higher Education Student Assistance Authority ("HESAA").

261.     An institution is eligible to participate in New Jersey's programs if it is accredited and enters into a participation agreement with the HESAA, as further defined in 20 U.S.C. § 1071 *et seq.* (Title IV of the HEA).  N.J. Stat. Ann. § 18A:71A-2.  Accordingly, in order to obtain eligibility for New Jersey's programs, a school must comply with the eligibility requirements of Title IV of the HEA, including its bans on incentive based compensation and misrepresentation.

262.     Through the conduct described in this Complaint, Defendants knowingly presented and caused to be presented to the State of New Jersey false and fraudulent claims for payment and approval.  Defendants also knowingly made, used, and caused to be made and used false records and statements in order to get false or fraudulent claims paid by the State.

263.     The State of New Jersey, unaware of the fraudulent foundation of Defendants' claims, paid money in the form of state-funded financial aid to Defendants that otherwise would not have been paid.  As a result of these payments, the State of New Jersey has suffered, and continues to suffer, damages in an amount to be determined.

264.     Relator is a private person with direct and independent knowledge of the allegations in this Compliant, who has brought this action pursuant to N.J. Stat. Ann. § 2A:32C-5, subsection b. on behalf of herself and the State of New Jersey.

265.    This Court is requested to accept supplemental jurisdiction of this related state claim as it is predicated upon that exact same facts as the federal claim, and merely asserts separate damage to the State of New Jersey in the operation of its financial aid programs.

### PRAYER FOR RELIEF UNDER THE NEW JERSEY FALSE CLAIMS ACT

266.    WHEREFORE, Relator respectfully requests this Court to award the following damages to the following parties and against Defendants:

To the STATE OF NEW JERSEY:
- Three times the amount of actual damages which the State of New Jersey has sustained as a result of Defendants' fraudulent and illegal conduct;

- A civil penalty of not less than $5,000 and up to $10,000 for each false claim which Defendants presented or caused to be presented to the State of New Jersey;

- Prejudgment interest; and

- All costs incurred in bringing this action.

To RELATOR:

- The maximum amount allowed pursuant to N.J. Stat. Ann. § 2A:32C-7 and/or any other applicable provision of law;

- Reimbursement for reasonable expenses which Relator incurred in connection with this action;

- Litigation costs and reasonable attorney's fees;

- Such further relief as this Court deems equitable and just.

### COUNT NUMBER SIXTEEN:
### VIOLATION OF THE NEW MEXICO FRAUD AGAINST TAXPAYERS ACT

267.    Relator re-alleges and incorporates the allegations in paragraphs 1-107 as if fully set forth herein.  Additionally, Relator states that the course of conduct described in this Complaint was a nationwide, continuous practice of Defendants.  Defendants conduct business in

the State of New Mexico.  Upon information and belief, Defendants' actions described herein occurred in New Mexico as well.

268.    This is a qui tam action brought by Relator and the State of New Mexico to recover treble damages and civil penalties under the New Mexico Fraud Against Taxpayers Act, N.M. Stat. Ann. §§ 44-9-1 *et seq.*

269.    The New Mexico Fraud Against Taxpayers Act provides that a person shall not:

(1) knowingly present, or cause to be presented, to an employee, officer or agent of the state or to a contractor, grantee or other recipient of state funds a false or fraudulent claim for payment or approval;

(2) knowingly make or use, or cause to be made or used, a false, misleading or fraudulent record or statement to obtain or support the approval of or the payment on a false or fraudulent claim;

N.M. Stat. Ann. § 44-9-3.

270.    The Act defines "claim" as "a request or demand for money, property or services when all or a portion of the money, property or services requested or demanded issues from or is provided or reimbursed by the state."  N.M. Stat. Ann. § 44-9-2(A.)

271.    The Act defines "knowingly" as a person that, with respect to information, acts:

(1) with actual knowledge of the truth or falsity of the information;

(2) in deliberate ignorance of the truth or falsity of the information; or

(3) in reckless disregard of the truth or falsity of the information;

N.M. Stat. Ann. § 44-9-2(C.).

272.    Pursuant to Chapter 21, Articles 1, 21, 21A-21M, 22, 22A-22G , the State of New Mexico is authorized to provide financial assistance to New Mexico students who are seeking a postsecondary education.  These programs are administered by the New Mexico Higher Education Department.

273.    There are several factors that determine an institution's eligibility to participate in New Mexico's programs.  For example, under New Mexico's Student Loan Act, a participating institution is defined as: "any post-high school educational institution within the state, public or private, including junior colleges and vocational schools, which qualifies as an eligible institution for the federal guaranteed-loan program under the [HEA.]" N.M. Stat. Ann. § 21-21-2.  As such, in order to participate in New Mexico's programs, a school must comply with the rules and regulations under Title IV, including the bans on incentive based compensation and misrepresentation.

274.    Through the conduct described in this Complaint, Defendants knowingly presented and caused to be presented to the State of New Mexico false and fraudulent claims for payment and approval.  Defendants also knowingly made, used, and caused to be made and used false records and statements in order to get false or fraudulent claims paid by the State.

275.    The State of New Mexico, unaware of the fraudulent foundation of Defendants' claims, paid money in the form of state-funded financial aid to Defendants that otherwise would not have been paid.  As a result of these payments, the State of New Mexico has suffered, and continues to suffer, damages in an amount to be determined.

276.    Relator is a private person with direct and independent knowledge of the allegations in this Compliant, who has brought this action pursuant to N.M. Stat. Ann. § 44-9-5 on behalf of herself and the State of New Mexico.

277.     This Court is requested to accept supplemental jurisdiction of this related state claim as it is predicated upon that exact same facts as the federal claim, and merely asserts separate damage to the State of New Mexico in the operation of its financial aid programs.

### PRAYER FOR RELIEF UNDER THE NEW MEXICO FALSE CLAIMS ACT

278.     WHERFORE, Relator respectfully requests this Court to award the following damages to the following parties and against Defendants:

To the STATE OF NEW MEXICO:

- Three times the amount of actual damages which the State of New Mexico has sustained as a result of Defendants' fraudulent and illegal conduct;

- A civil penalty of not less than $5,000 and up to $10,000 for each false claim which Defendants presented or caused to be presented to the State of New Mexico;

- Prejudgment interest; and

- All costs incurred in bringing this action.

To RELATOR:

- The maximum amount allowed pursuant to N.M. Stat. Ann. § 44-9-7 and/or any other applicable provision of law;

- Reimbursement for reasonable expenses which Relator incurred in connection with this action;

- Litigation costs and reasonable attorney's fees;

- Such further relief as this Court deems equitable and just.

### COUNT SEVENTEEN:
### VIOLATION OF THE NEW YORK FALSE CLAIMS ACT

279.     Relator re-alleges and incorporates the allegations in paragraphs 1-107 as if fully set forth herein.  Additionally, Relator states that the course of conduct described in this Complaint was a nationwide, continuous practice of Defendants.  Defendants conduct business in

the State of New York.  Upon information and belief, Defendants' actions described herein occurred in New York as well.

280.    This is a qui tam action brought by Relator and the State of New York to recover treble damages and civil penalties under the New York False Claims Act, N.Y. State Fin. Law §§ 187-194 (McKinney).

281.    The New York False Claims Act ("NYFCA") provides that a person is liable to the State of New York for treble damages and other penalties when that person:

(a) knowingly presents or causes to be presented a false or fraudulent claim for payment or approval;

(b) knowingly makes, uses or causes to be made or used, a false record or statement material to a false or fraudulent claim.

N.Y. State Fin. Law § 189 (McKinney).

282.    The NYFCA defines "claim" as "any request or demand, whether under a contract or otherwise, for money or property that . . . is presented to an officer, employee or agent of the state or a local government."  N.Y. State Fin. Law § 188 (McKinney).


283.    The NYFCA defines "knowingly" as a person, with respect to information,

(i) has actual knowledge of the information; or

(ii) acts in deliberate ignorance of the truth or falsity of the information; or

(iii) acts in reckless disregard of the truth or falsity of the information; and

(b) require no proof of specific intent to defaud. . . .

N.Y. State Fin. Law. § 188 (McKinney).

284.     Pursuant to New York's Education Law, Chapter 16, Title I, Article 14, the State of New York is authorized to provide financial assistance to New York students who are seeking a postsecondary education.  These programs are administered by the Higher Education Services Corporation ("HESC").

285.     An institution is eligible to participate in New York's programs if it enters into a participation agreement with the HESC.  N.Y. Educ. Law § 665-a (McKinney).  Under these agreements, schools agree to comply with all laws and rules applicable to New York's financial aid programs.  Furthermore, schools that are not authorized as Title IV eligible by the 2010-2011 academic year are ineligible to receive New York's Tuition Assistance Program (TAP) grant.

286.     Through the conduct described in this Complaint, Defendants knowingly presented and caused to be presented to the State of New York false and fraudulent claims for payment and approval.  Defendants also knowingly made, used, and caused to be made and used false records and statements in order to get false or fraudulent claims paid by the State.

287.     The State of New York, unaware of the fraudulent foundation of Defendants' claims, paid money in the form of state-funded financial aid to Defendants that otherwise would not have been paid.  As a result of these payments, the State of New York has suffered, and continues to suffer, damages in an amount to be determined.

288.     Relator is a private person with direct and independent knowledge of the allegations in this Compliant, who has brought this action pursuant to N.Y. State Fin. Law § 190(2) (McKinney) on behalf of herself and the State of New York.

289.     This Court is requested to accept supplemental jurisdiction of this related state claim as it is predicated upon that exact same facts as the federal claim, and merely asserts separate damage to the State of New York in the operation of its financial aid programs.

**PRAYER FOR RELIEF UNDER THE NEW YORK FALSE CLAIMS ACT**

290.     WHERFORE, Relator respectfully requests this Court to award the following

damages to the following parties and against Defendants:

To the STATE OF NEW YORK:

- Three times the amount of actual damages which the State of New York has sustained as a result of Defendants' fraudulent and illegal conduct;

- A civil penalty of not less than $6,000 and up to $12,000 for each false claim which Defendants presented or caused to be presented to the State of New York;

- Prejudgment interest; and

- All costs incurred in bringing this action.

To RELATOR:

- The maximum amount allowed pursuant to N.Y. State Fin. Law § 190(6) and/or any other applicable provision of law;

- Reimbursement for reasonable expenses which Relator incurred in connection with this action;

- Litigation costs and reasonable attorney's fees;

- Such further relief as this Court deems equitable and just.

## COUNT EIGHTEEN:
## VIOLATION OF THE NORTH CAROLINA FALSE CLAIMS ACT

291.     Relator re-alleges and incorporates the allegations in paragraphs 1-107 as if fully

set forth herein.  Additionally, Relator states that the course of conduct described in this

Complaint was a nationwide, continuous practice of Defendants.  Defendants conduct business in

the State of North Carolina.  Upon information and belief, Defendants' actions described herein

occurred in North Carolina as well.

292.     This is a qui tam action brought by Relator and the State of North Carolina to

recover treble damages and civil penalties under the North Carolina False Claims Act, N.C. Gen.

Stat. Ann. §§ 1-605 *et seq.*

293.    The North Carolina False Claims Act ("NCFCA") provides that a person is liable to the State of North Carolina for treble damages and other penalties when that person:

(1) Knowingly presents or causes to be presented a false or fraudulent claim for payment or approval.

(2) Knowingly makes, uses or causes to be made or used, a false record or statement material to a false or fraudulent claim.

N.C. Gen. Stat. Ann. § 1-607(a).

294.    The NCFCA defines "claim" as "

any request or demand, whether under a contract or otherwise, for money or property and whether or not the State has title to the money or property that (i) is presented to an officer, employee, or agent of the State or (ii) is made to a contractor, grantee, or other recipient, if the money or property is to be spent or used on the State's behalf . . . .

N.C. Gen. Stat. Ann. § 1-606(2).

295.    The NCFCA defines "knowingly" as a person, with respect to information,

(a) Has actual knowledge of the information.

(b) Acts in deliberate ignorance of the truth or falsity of the information.

(c) Acts in reckless disregard of the truth or falsity of the information.

Proof of specific intent to defraud is not required.

N.C. Gen Stat. Ann. § 1-606(4).

296.    Pursuant to Chapter 116, Article 23 of the North Carolina General Statutes, the State of North Carolina is authorized to provide financial assistance to North Carolina students

who are seeking a postsecondary education.  These programs are administered by the State

Education Assistance Authority.

297.    A private institution is eligible to participate in North Carolina's programs if it is

accredited and is eligible under the terms prescribed under 20 U.S.C. § 1085.  N.C. Gen. Stat.

Ann. § 116-201(5)-(8).  Furthermore, a school seeking eligibility for North Carolina's student aid

programs must enter into an Administrative/Participation Agreement with the State Education

Assistance Authority.  Under these agreements, schools agree to comply with the applicable

statutes and program regulations set forth by the Authority.

298.    Through the conduct described in this Complaint, Defendants knowingly

presented and caused to be presented to the State of North Carolina false and fraudulent claims

for payment and approval.  Defendants also knowingly made, used, and caused to be made and

used false records and statements in order to get false or fraudulent claims paid by the State.

299.    The State of North Carolina, unaware of the fraudulent foundation of Defendants'

claims, paid money in the form of state-funded financial aid to Defendants that otherwise would

not have been paid.  As a result of these payments, the State of North Carolina has suffered, and

continues to suffer, damages in an amount to be determined.

300.    Relator is a private person with direct and independent knowledge of the

allegations in this Compliant, who has brought this action pursuant to N.C. Gen. Stat. Ann. § 1-

608(b) on behalf of herself and the State of North Carolina.

301.    This Court is requested to accept supplemental jurisdiction of this related state

claim as it is predicated upon that exact same facts as the federal claim, and merely asserts

separate damage to the State of North Carolina in the operation of its financial aid programs.

**PRAYER FOR RELIEF UNDER THE NORTH CAROLINA FALSE CLAIMS ACT**

302.    WHERFORE, Relator respectfully requests this Court to award the following

damages to the following parties and against Defendants:

To the STATE OF NORTH CAROLINA:

- Three times the amount of actual damages which the State of North Carolina has sustained as a result of Defendants' fraudulent and illegal conduct;

- A civil penalty of not less than $5,500 and up to $11,000 for each false claim which Defendants presented or caused to be presented to the State of North Carolina;

- Prejudgment interest; and

- All costs incurred in bringing this action.

To RELATOR:

- The maximum amount allowed pursuant to N.C. Gen. Stat. Ann. § 1-610 and/or any other applicable provision of law;

- Reimbursement for reasonable expenses which Relator incurred in connection with this action;

- Litigation costs and reasonable attorney's fees;

- Such further relief as this Court deems equitable and just.

## COUNT NINETEEN:
## VIOLATION OF THE OKLAHOMA FALSE CLAIMS ACT

303.     Relator re-alleges and incorporates the allegations in paragraphs 1-107 as if fully set forth herein.  Additionally, Relator states that the course of conduct described in this Complaint was a nationwide, continuous practice of Defendants.  Defendants conduct business in the State of Oklahoma.  Upon information and belief, Defendants' actions described herein occurred in Oklahoma as well.

304.     This is a qui tam action brought by Relator and the State of Oklahoma to recover treble damages and civil penalties under the Oklahoma Medicaid False Claims Act, Okla. Stat. tit. 63, §§ 5053 *et seq.*

305.    The Oklahoma Medicaid False Claims Act provides that a person is liable to the State of Oklahoma for treble damages and other penalties when that person:

1.  Knowingly presents, or causes to be presented, to an officer or employee of the State of Oklahoma, a false or fraudulent claim for payment or approval;

2.  Knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the state;

Okla. Stat. tit. 63, § 5053.1(B.).

306.    The Act defines "claim" as "

any request or demand, whether under a contract or otherwise, for money or

property which is made to a contractor, grantee, or other recipient if this state

provides any portion of the money or property which is requested or demanded, or

if the state will reimburse the contractor, grantee, or other recipient for any

portion of the money or property which is requested or demanded.

Okla. Stat. tit. 63, § 5053.1(A.).

307.    The Act defines "knowingly" as a person, with respect to information,

a. has actual knowledge of the information,

b. acts in deliberate ignorance of the truth or falsity of the information, or

c. acts in reckless disregard of the truth or falsity of the information.

No proof of specific intent to defraud is required.

Okla. Stat. tit. 63, § 5053.1(A.).

308.     Pursuant to Title 70, Division III, Chapter 8 and Title 70, Division IV, Chapter 45 of the Statutes of Oklahoma, the State of Oklahoma is authorized to provide various forms of financial assistance to Oklahoma students who are seeking a postsecondary education.

309.     Under the Oklahoma Higher Learning Access Act, Okla. Stat. Ann. tit. 70, §§ 2601, *et seq.*, a private schools is eligible to participate if it is located within Oklahoma and accredited by a regional or national accrediting agency recognized by the U.S. Department of Education.  Additionally, an institution may participate in Oklahoma's Student Loan Act if it qualifies for federal insured loans under the HEA.  Okla. Stat. Ann. tit. 70, § 695.2.  As such, in order to obtain eligibility for Oklahoma's Student Loan program, a school must be in compliance with the rules and regulations under the HEA, including the bans on incentive based compensation and misrepresentation.

310.     Through the conduct described in this Complaint, Defendants knowingly presented and caused to be presented to the State of Oklahoma false and fraudulent claims for payment and approval.  Defendants also knowingly made, used, and caused to be made and used false records and statements in order to get false or fraudulent claims paid by the State.

311.     The State of Oklahoma, unaware of the fraudulent foundation of Defendants' claims, paid money in the form of state-funded financial aid to Defendants that otherwise would not have been paid.  As a result of these payments, the State of Oklahoma has suffered, and continues to suffer, damages in an amount to be determined.

312.     Relator is a private person with direct and independent knowledge of the allegations in this Compliant, who has brought this action pursuant to Okla. Stat. tit. 63, § 5053.2(B.) on behalf of herself and the State of Oklahoma.

313.    This Court is requested to accept supplemental jurisdiction of this related state claim as it is predicated upon that exact same facts as the federal claim, and merely asserts separate damage to the State of Oklahoma in the operation of its financial aid programs.

## PRAYER FOR RELIEF UNDER THE OKLAHOMA FALSE CLAIMS ACT

314.    WHERFORE, Relator respectfully requests this Court to award the following damages to the following parties and against Defendants:

To the STATE OF OKLAHOMA:

- Three times the amount of actual damages which the State of Oklahoma has sustained as a result of Defendants' fraudulent and illegal conduct;

- A civil penalty of not less than $5,000 and up to $10,000 for each false claim which Defendants presented or caused to be presented to the State of Oklahoma;

- Prejudgment interest; and

- All costs incurred in bringing this action.

To RELATOR:

- The maximum amount allowed pursuant to Okla. Stat. tit. 63, § 5053.4  and/or any other applicable provision of law;

- Reimbursement for reasonable expenses which Relator incurred in connection with this action;

- Litigation costs and reasonable attorney's fees;

- Such further relief as this Court deems equitable and just.

## COUNT TWENTY:
## VIOLATION OF THE RHODE ISLAND STATE FALSE CLAIMS ACT

315.    Relator re-alleges and incorporates the allegations in paragraphs 1-107 as if fully set forth herein.  Additionally, Relator states that the course of conduct described in this Complaint was a nationwide, continuous practice of Defendants.  Defendants conduct business in

the State of Rhode Island.  Upon information and belief, Defendants' actions described herein occurred in Rhode Island as well.

316.    This is a qui tam action brought by Relator and the State of Rhode Island to recover treble damages and civil penalties under the Rhode Island State False Claims Act, R.I. Gen. Laws §§ 9-1.1-1 *et seq.*

317.    The Rhode Island State False Claims Act ("RIFCA") provides that a person is liable to the State of Rhode Island for treble damages and other penalties when that person:

(1) knowingly presents, or causes to be presented, to an officer or employee of the state or a member of the guard a false or fraudulent claim for payment or approval;

(2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the state;

R.I. Gen. Laws § 9-1.1-3(a).

318.    The RIFCA defines "claim" as "

any request or demand, whether under a contract or otherwise, for money or property which is made to a contractor, grantee, or other recipient if the state provides any portion of the money or property which is requested or demanded, or if the state will reimburse such contractor, grantee, or other recipient for any portion of the money or property which is requested or demanded

R.I. Gen. Laws § 9-1.1-3(c).

319.    The RIFCA defines "knowingly" as a person, with respect to information,

(1) has actual knowledge of the information;

(2) acts in deliberate ignorance of the truth or falsity of the information;

(3) acts in reckless disregard of the truth or falsity of the information, and no

proof of specific intent to defraud is required.

R.I. Gen. Laws § 9-1.1-3(b).

320.     Pursuant to Title 16, Chapters 56-57 of the General Laws of Rhode Island, the

State of Rhode Island is authorized to provide financial assistance to Rhode Island students who

are seeking a postsecondary education.  These programs are administered by the Rhode Island

Higher Education Assistance Authority ("RIHEAA").

321.     An institution is eligible to participate in Rhode Island's programs if it is

accredited by an agency recognized by the United States office of education or has gained

explicit endorsement from the RIHEAA.  Furthermore, all eligible schools must also comply

with additional rules and regulations set forth by the RIHEAA.  The RIHEAA requires that

financial aid be used at any eligible school that participates in Title IV federal aid programs.  As

such, any school that receives Rhode Island funded student aid must be in compliance with the

rules and regulations of Title IV of the HEA, including the bans on incentive based

compensation and misrepresentation.

322.     Through the conduct described in this Complaint, Defendants knowingly

presented and caused to be presented to the State of Rhode Island false and fraudulent claims for

payment and approval.  Defendants also knowingly made, used, and caused to be made and used

false records and statements in order to get false or fraudulent claims paid by the State.

323.     The State of Rhode Island, unaware of the fraudulent foundation of Defendants'

claims, paid money in the form of state-funded financial aid to Defendants that otherwise would

not have been paid.  As a result of these payments, the State of Rhode Island has suffered, and

continues to suffer, damages in an amount to be determined.

324.     Relator is a private person with direct and independent knowledge of the

allegations in this Compliant, who has brought this action pursuant to R.I. Gen. Laws § 9-1.1-4(b) on behalf of herself and the State of Rhode Island.

325.    This Court is requested to accept supplemental jurisdiction of this related state claim as it is predicated upon that exact same facts as the federal claim, and merely asserts separate damage to the State of Rhode Island in the operation of its financial aid programs.

## PRAYER FOR RELIEF UNDER THE RHODE ISLAND FALSE CLAIMS ACT

326.    WHERFORE, Relator respectfully requests this Court to award the following damages to the following parties and against Defendants:

To the STATE OF RHODE ISLAND:
- Three times the amount of actual damages which the State of Rhode Island has sustained as a result of Defendants' fraudulent and illegal conduct;

- A civil penalty of not less than $5,000 and up to $10,000 for each false claim which Defendants presented or caused to be presented to the State of Rhode Island;

- Prejudgment interest; and

- All costs incurred in bringing this action.

To RELATOR:

- The maximum amount allowed pursuant to R.I. Gen. Laws § 9-1.1-4(d) and/or any other applicable provision of law;

- Reimbursement for reasonable expenses which Relator incurred in connection with this action;

- Litigation costs and reasonable attorney's fees;

- Such further relief as this Court deems equitable and just.

### COUNT TWENTY-ONE:
### VIOLATION OF THE TENNESSEE FALSE CLAIMS ACT

327.    Relator re-alleges and incorporates the allegations in paragraphs 1-107 as if fully set forth herein.  Additionally, Relator states that the course of conduct described in this

Complaint was a nationwide, continuous practice of DeVry.  DeVry conducts business in the State of Tennessee.  Upon information and belief, Defendants' actions described herein occurred in Tennessee as well.

328.    This is a qui tam action brought by Relator and the State of Tennessee to recover treble damages and civil penalties under the Tennessee False Claims Act, Tenn. Code Ann. §§ 4-18-101  *et seq.*

329.    Section § 4-18-103  provides liability for any person who:

(1) Knowingly presents or causes to be presented to an officer or employee of the state or of any political subdivision thereof, a false claim for payment or approval;

(2) Knowingly makes, uses, or causes to be made or used a false record or statement to get a false claim paid or approved by the state or by any political subdivision;

330.    Defendant violated Tenn. Code Ann. § 4-18-103   from at least 2008 to the present by continuously engaging in the fraudulent and illegal conduct described herein.

331.    Pursuant to state law, the State of Tennessee is authorized to provide financial assistance to Tennessee students who are seeking a postsecondary education.

332.    On information and belief, Tennessee requires that financial aid be used at any eligible school that participates in Title IV federal aid programs.  As such, any school that receives Tennessee funded student aid must be in compliance with the rules and regulations of Title IV of the HEA, including the bans on incentive based compensation and misrepresentation.

333.    Had the State of Tennessee known that Defendants were violating the federal and state laws cited herein, the State of Tennessee would not have paid such claims.

334.     As a result of Defendants' violations of Tenn. Code Ann. § 4-18-103, the State of Tennessee has been damaged in an amount far in excess of millions of dollars exclusive of interest.

335.     Relator is a private person with direct and independent knowledge of the allegations in this Complaint, who has brought this action pursuant to Tenn. Code Ann. § 4-18-104 on behalf of herself and the State of Tennessee.

336.     This Court is requested to accept supplemental jurisdiction of this related state claim as it is predicated upon the exact same facts as the federal claim, and merely asserts separate damage to the State of Tennessee.

337.     WHEREFORE, Relator respectfully requests this Court to award the following damages to the following parties and against Defendants:

To the STATE OF TENNESSEE:

> Three times the amount of actual damages which the State of Tennessee has sustained as a result of Defendants' fraudulent and illegal conduct;

> A civil penalty of not less than $5,000 and not more than $25,000 for each false claim which Defendants caused to be presented to the State of Tennessee;

> Prejudgment interest; and

> All costs incurred in bringing this action.

To RELATOR:

> The maximum amount allowed to Tenn. Code Ann. § 4-18-104 and/or any other applicable provision of law;

> Reimbursement for reasonable expenses which Relator incurred in connection with this action;

> An award of reasonable attorneys' fees and costs; and

> Such further relief as this Court deems equitable and just.

## COUNT NUMBER TWENTY-TWO:
## VIOLATION OF THE VIRGINA FRAUD AGAINST TAXPAYERS ACT

338.     Relator re-alleges and incorporates the allegations in paragraphs 1-107 as if fully set forth herein.  Additionally, Relator states that the course of conduct described in this Complaint was a nationwide, continuous practice of Defendants.  Defendants conduct business in the Commonwealth of Virginia.  Upon information and belief, Defendants' actions described herein occurred in Virginia as well.

339.     This is a qui tam action brought by Relator and the Commonwealth of Virginia to recover treble damages and civil penalties under the Virginia Fraud Against Taxpayers Act, Va. Code Ann. §§ 8.01-216.1, *et seq.*

340.     The Virginia Fraud Against Taxpayers Act provides that a person is liable to the Commonwealth of Virginia for treble damages and other penalties when that person:

1. knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval;

2. knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim;

Va. Code Ann. § 8.01-216.3.

341.     The Act defines "claim" as "

any request or demand, whether under a contract or otherwise, for money or property, regardless of whether the Commonwealth has title to the money or property, that (i) is presented to an officer, employee, or agent of the Commonwealth . . . .

Va. Code Ann. § 8.01-216.2.

342.     The Act defines "knowingly" as "a person, with respect to information, (i) has actual knowledge of the information; (ii) acts in deliberate ignorance of the truth or falsity of the information; or (iii) acts in reckless disregard of the truth or falsity of the information and require no proof of specific intent to defraud." Va. Code Ann. §8.01-216.3, subsection C.

343.     Pursuant to Title 23, Chapters 1.1, 3 and 4 *et seq.*, of the Statutes of Virginia, the Commonwealth of Virginia is authorized to provide financial assistance to Virginia students who are seeking a postsecondary education.  These programs are administered by the State Council of Higher Education for Virginia ("SCHEV").

344.     On information and belief, Virginia requires that financial aid be used at any eligible school that participates in Title IV federal aid programs.  As such, any school that receives Virginia funded student aid must be in compliance with the rules and regulations of Title IV of the HEA, including the bans on incentive based compensation and misrepresentation.

345.     Through the conduct described in this Complaint, Defendants knowingly presented and caused to be presented to the Commonwealth of Virginia false and fraudulent claims for payment and approval.  Defendants also knowingly made, used, and caused to be made and used false records and statements in order to get false or fraudulent claims paid by the Commonwealth.

346.     The Commonwealth of Virginia, unaware of the fraudulent foundation of Defendants' claims, paid money in the form of state-funded financial aid to Defendants that otherwise would not have been paid.  As a result of these payments, the Commonwealth of Virginia has suffered, and continues to suffer, damages in an amount to be determined.

347.     Relator is a private person with direct and independent knowledge of the allegations in this Compliant, who has brought this action pursuant to Va. Code Ann. § 8.01-

216.5 on behalf of herself and the Commonwealth of Virginia.

348.    This Court is requested to accept supplemental jurisdiction of this related state claim as it is predicated upon that exact same facts as the federal claim, and merely asserts separate damage to the Commonwealth of Virginia in the operation of its financial aid programs.

### PRAYER FOR RELIEF UNDER THE VIRGINIA FALSE CLAIMS ACT

349.    WHERFORE, Relator respectfully requests this Court to award the following damages to the following parties and against Defendants:

To the COMMONWEALTH OF VIRGINIA:
- Three times the amount of actual damages which the Commonwealth of Virginia has sustained as a result of Defendants' fraudulent and illegal conduct;

- A civil penalty of not less than $5,500 and up to $11,000 for each false claim which Defendants presented or caused to be presented to the Commonwealth of Virginia;

- Prejudgment interest; and

- All costs incurred in bringing this action.

To RELATOR:

- The maximum amount allowed pursuant to Va. Code Ann. § 8.01-216.7 and/or any other applicable provision of law;

- Reimbursement for reasonable expenses which Relator incurred in connection with this action;

- Litigation costs and reasonable attorney's fees;

- Such further relief as this Court deems equitable and just.

### DEMAND FOR JURY TRIAL

Relator, on behalf of herself and the United States and the individual states, demands a jury trial on all claims alleged herein.

Dated:   September 11, 2012                          Respectfully submitted,


**WATERS & KRAUS**


By: _____

Dan Hargrove (TX Bar No. 00790822)
dhargrove@waterskraus.com
600 Navarro St., #500
San Antonio, TX 78205
Telephone: (210) 349-0515
Fax: (210) 349-3666

Loren Jacobson (TX Bar No. 24050813)
ljacobson@waterskraus.com
Caitlyn Silhan (TX Bar No. 24072879)
csilhan@waterskraus.com
3219 McKinney Ave.
Dallas, TX 75204
Telephone:  (214) 357-6244
and (800) 226-9880
Fax: (214) 357-7252


**WATERS KRAUS & PAUL**
Jennifer McIntosh (*Pro Hac Vice*
Application to be Submitted)
jmcintosh@waterskraus.com
711 Van Ness Ave. Suite 220
San Francisco, CA 94102
Telephone: (415) 296-6060
and (800) 226-9880
Fax: (214) 777-0470

**LAW OFFICES OF DAVID H.
GREENBERG**
David H. Greenberg (*Pro Hac Vice*
Application to be Submitted)
6100 Wilshire Boulevard, Suite 1170
Los Angeles, California  90048
(323)782-0500  /  (888)204-1014

Attorneys for Plaintiff/Relator